United States District Court
Southern District of Texas

**ENTERED**

March 23, 2026

Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

SAMUEL ROBLES RIVERA,                  §
                                       §
                Petitioner,            §
                                       §
v.                                     §    CIVIL ACTION NO. H-26-2133
                                       §
PAMELA BONDI, et al.,                  §
                                       §
                Respondents.           §

## ORDER

On March 17, 2026, Samuel Robles Rivera ("Petitioner") filed a petition for writ of habeas corpus under 28 U.S.C. § 2241.[1]  On March 18, 2026, the court entered an order (Docket Entry No. 4) stating:

> Unless Petitioner can distinguish his case from the decisions of this court cited above within 10 days from the entry of this order, the court will deny Petitioner's Petition for Writ of Habeas Corpus (Docket Entry No. 1) and will dismiss this action.

Petitioner filed a response reasserting that his detention without a bond hearing to determine whether he is a flight risk or

---

[1]Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition for Writ of Habeas Corpus"), Docket Entry No. 1.

-1-

danger to the community violates due process.[2]    However, the court has already explained that detention without a bond hearing pending a determination of removability does not violate due process. See, e.g., Jimenez v. Bradford, Civil Action No. H-25-5853 (S.D. Tex. Feb. 10, 2026).  In fact, the Supreme Court has made it clear that "[d]etention during removal proceedings is a constitutionally permissible part of that process." Demore v. Kim, 123 S. Ct. 1708, 1721-22 (2003).

Because Petitioner has failed to distinguish his case from the decisions of this court, Petitioner's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Docket Entry No. 1) is **DENIED**, and a final judgment will be entered dismissing the action with prejudice.

The clerk will provide a copy of this order and the Final Judgment to counsel for the Petitioner and to the United States Attorney.

**SIGNED** at Houston, Texas, on this 23rd day of March, 2026.

SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE

---

[2]Petitioner's Brief in Compliance, Docket Entry No. 5, pp. 2-6.